FILED
SUPERIOR COURT
OF GUAM

2025 MAR 19 PM 4: 14

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EAGLE LAND HOLDINGS, LLC, | Civil Case No. CV0242-24 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER**<br>(Motion to Dismiss) |
| SCIENCE IS FUN AND AWESOME LEARNING ACADEMY CHARTER SCHOOL, | |
| Defendant. | |

This matter came before the Honorable Jonathan R. Quan on November 22, 2024, for a hearing upon Defendant Science is Fun and Awesome Learning Academy Charter School's ("SIFA") Motion to Dismiss Pursuant to Rule 12(b)(6) and Lack of Jurisdiction (Nov. 5, 2024). At the hearing, Attorney Michael F. Phillips appeared on behalf of SIFA, and Attorney Jon R. Ramos appeared on behalf of Plaintiff Eagle Land Holdings, LLC.

SIFA's Motion to Dismiss raises three grounds for dismissal: statutory immunity, insufficient pre-suit notice, and improper service of process. After considering the parties' arguments and the applicable law, the Court will not dismiss this case on the first two grounds. The Court finds, however, that Eagle Land Holdings failed to prove that it properly served SIFA with the statutorily required summons and therefore the Court hereby **GRANTS** SIFA's Motion to Dismiss.

Page 1 of 13

On April 25, 2024, Eagle Land Holdings filed a Verified Complaint for Unlawful Detainer, Ejectment, Trespass, and Damages ("Complaint") against SIFA. Eagle Land Holdings seeks to eject SIFA from its property, and to recover $1,576,133.33 in unpaid rent. *Id.* at 5. On July 9, 2024, SIFA filed a Memorandum regarding governmental immunity. SIFA asserted that because it is a public charter school, it is "within" the Government of Guam for purposes of the Government Claims Act, and is therefore entitled to governmental immunity. *See generally* SIFA Mem. P. & A. (Jul. 9, 2024). SIFA then argued that because Eagle Land Holdings failed to plead a waiver of governmental immunity in its Complaint, this Court lacks jurisdiction to hear the case. The Court heard oral arguments on governmental immunity on July 31, 2024, and then issued a Decision and Order on October 29, 2024. The Court held, among other things, that SIFA was not an "agency, department, instrumentality, public corporation, or other entity of the Government of Guam," and was therefore not an entity "within" the Government of Guam for purposes of the Government Claims Act. Thus, SIFA was not entitled to claim governmental immunity from suit.

Following the Decision and Order, the Court scheduled an unlawful detainer hearing for November 6, 2024. Late in the day on November 5, 2024, however, SIFA filed this Motion to Dismiss. SIFA raised three new grounds supporting dismissal: (1) statutory immunity from suit, as provided by 17 GCA § 12107(x); (2) invalid pre-trial "notice" of its arrears as required by 21 GCA § 21103(b) and the holding of *Archbishop of Guam v. G.F.G. Corp.*, 1997 Guam 12; and (3) a failure to properly serve SIFA with a summons, as required by 21 GCA § 21108.

On February 6, 2024, prior to the scheduled hearing, Eagle Land Holdings filed a request asking the Court to order an expedited briefing schedule on the Motion to Dismiss. *See* CVR 7.1 Form 4 (Nov. 6, 2024); Status Report (Nov. 6, 2024). At the hearing, the Court postponed the unlawful detainer proceeding and ordered an expedited briefing schedule on the Motion to Dismiss.

Min. Entry at 3:06:31 PM (Hr'g, Nov. 6, 2024). Eagle Land Holdings timely filed its Opposition on November 13, 2024, and SIFA timely filed its Reply on November 18, 2024. The Court then held a hearing on the Motion to Dismiss on November 22, 2024, and thereafter took the matter under advisement.

## DISCUSSION

### 1. The Court Will Not Dismiss Based on Statutory Immunity

SIFA first argues that this case must be dismissed because SIFA has "limited statutory immunity" under the Guam Academy Charter Schools Act of 2009. Mot. Dismiss at 2-3 (Nov. 5, 2024). This argument derives from 17 GCA § 12107(x), which provides:

> An Academy Charter School, and its incorporators, Trustees, officers, employees, and volunteers, shall be immune from civil liability, both personally and professionally, for any act or omission within the scope of their official duties unless the act or omission:
>
> (1) constitutes gross negligence;
> (2) constitutes an intentional tort; or
> (3) is criminal in nature.

(emphasis added). SIFA notes, correctly, that the Complaint does not allege gross negligence, intentional tort, or criminal conduct. SIFA therefore argues that this case must be dismissed because the Court lacks jurisdiction to proceed "without sufficiently pled allegations bringing this matter outside the scope of statutory immunity[.]" Mot. Dismiss at 2.

### a. The Court Resolves This Under GRCP 12(b)(6)

At the outset, statutory immunity is not a *jurisdictional* argument. *See Boudreaux v. Weyerhaeuser Company*, 448 P.3d 121, 137 (Wash. Ct. App. 2019) ("An assertion of immunity is not a jurisdictional argument, but . . . an assertion that the plaintiff [] has failed to assert a viable cause of action"); *Arlington Independent School District v. Williams*, 2023 WL 8643040 *7 (Tex.

Page 3 of 13

Ct. App. 2023) ("immunity from liability does not affect a court's jurisdiction to hear a case and should not be raised in a plea to the jurisdiction."). Instead, statutory immunity implicates the *legal sufficiency* of the complaint, i.e., whether the complaint states a potentially viable claim. *See Boudreaux*, 448 P.3d at 137.

This challenge is therefore properly addressed under Guam Rule of Civil Procedure ("GRCP") 12(b)(6), as a "failure to state a claim upon which relief can be granted." In deciding a GRCP 12(b)(6) motion, "a court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Cruz v. Cruz*, 2023 Guam 20 ¶ 10 (quoting *Guam Police Dep't v. Guam Civ. Serv. Comm'n (Charfauros)*, 2020 Guam 12 ¶ 8). "Dismissal for failure to state a claim is appropriate only if 'it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6).

### b. 17 GCA § 12107(x) is Not Limited to Claims of Ordinary Negligence

Eagle Land Holdings argues that 17 GCA § 12107(x) does not apply here because the statute extends immunity "only to claims of ordinary negligence," not to "causes outside of negligence, such as unlawful detainer matters." *See* Opposition at 2-3 (Nov. 13, 2024). In support of this argument, Eagle Land Holdings cites *Wells v. Hense*, 235 F.Supp.3d 1 (D.D.C. 2017), a case interpreting D.C. Code § 38-1802.04(a)(17), which is substantively similar to 17 GCA § 12107(x).

It is true that *Wells*, and similar cases from the District of Columbia, have held that the D.C. statute creates immunity from liability regarding ordinary negligence claims. *See Wells*, 235 F.Supp.3d at 13 n.13; *A.M. v. Bridges Public Charter School*, 292 F.Supp.3d 441, 444 (D.D.C. 2018); *Perez v. KIPP DC Supporting Corp.*, 2024 WL 3534769 (D.D.C. Jul. 25, 2024) (slip copy). None of these cases, nor any other the Court has found, holds that the D.C. statute applies *exclusively*

to ordinary negligence claim, nor is that conclusion clear to the Court from the plain text of the statute.

Both the D.C. statute and 17 GCA § 12107(x) provide that a charter school shall be immune from *civil liability*. "Civil liability" means "liability imposed under the civil, as opposed to the criminal, law." *Liability, Black's Law Dictionary* (12th ed. 2024). In other words, civil liability encompasses all forms of liability arising under civil law. Negligent tort liability is one example of civil liability. Had the Legislature intended 17 GCA § 12107(x) to immunize a charter school *only* against negligent tort liability, it would have made that intention clear. Instead, by providing that a charter school's immunity extends to *all* civil liability, the Legislature created an immunity broad enough to encompass all of the civil claims in this action. *Cf. People v. Tennessen*, 2010 Guam 12 ¶ 18 ("If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statue governs.").

### c. Statutory Immunity is an Affirmative Defense

Because Eagle Land Holdings' claims do not sound in gross negligence, intentional tort, or criminal conduct, SIFA *may* have a viable statutory immunity defense under 17 GCA § 12107(x). Statutory immunity, however, cannot be decided at this stage of the case. Statutory immunity under 17 GCA § 12107(x) is not a grant of "absolute immunity" from suit. *Kelly v. Richard Wright Public Charter School*, 317 F.Supp.3d 564, 568 (D.D.C. 2018) It is, instead, an affirmative defense. *See id.* at 567 (in context of similar D.C. statute, "the District of Columbia Court of Appeals would likely hold that the statutory immunity at issue here is an affirmative defense"); *Williams*, 2023 WL 8643040 at *7 ("[t]he immunity that [a similar Texas statute] provides is an affirmative defense that gives professional school employees immunity from liability for actions taken within the scope of their employment."); *see also In re Stock Exchanges Options Trading Antitrust Litigation*, 317 F.3d 134, 151 (2d Cir. 2003) ("Most immunities are affirmative defenses.").

Federal courts have "repeatedly held that the existence of an affirmative defense [generally] will not support a rule 12(b)(6) motion to dismiss for failure to state a claim." *Ventrassist Ply Ltd. v. Heartware, Inc.*, 377 F.Supp.2d 1278, 1286 (S.D. Fla. 2005) (alteration in original); *see, e.g., Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Fortner v. Thomas*, 983 F.2d 1024 (11th Cir. 1993). As one treatise explains:

> The rule against raising defenses by motion is based on the view that motions to dismiss or to strike cannot be used to resolve disputed fact questions, and that courts should avoid "little trials" on the pleadings because under federal practice the pleadings are designed merely to provide notice of the respective claims and defenses of the adversaries. Since the facts necessary to establish an affirmative defense generally must be shown by matter outside the complaint, the defense technically cannot be adjudicated on a motion under Rule 12.

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1277 (4th ed.). This is consistent with the principle that an affirmative defense must be *proven*, not merely alleged, by its proponent. *See Ngirangesil v. Kim*, 2021 Guam 28 ¶ 31 ("When summary judgment is sought on an affirmative defense, . . . the movant must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)).

Here, 17 GCA § 12107(x) purportedly confers immunity from civil liability deriving from "acts or omissions . . . within the scope of [SIFA's] official duties." 17 GCA § 12107(x); *see also Kelly*, 317 F.Supp.3d at 567. In other words, SIFA is only immune from civil liability based on SIFA's performance of its official duties. However, SIFA has not identified, much less proven, which of its "official duties" gave rise to the acts complained of here, nor is it clear from the face of the Complaint. That being so, the Court cannot find that it is "beyond doubt" that there is "no set of facts" under which Eagle Land Holdings could prevail in this lawsuit. *See Cruz*, 2023 Guam 20 ¶

10. If SIFA cannot prove that this case arises from its performance of "official duties," then SIFA cannot claim immunity under 17 GCA § 12107(x). SIFA has not proven this yet.

The Court also disagrees with SIFA's argument that the Complaint is facially deficient for not pleading the *inapplicability* of 12 GCA § 12107(x). *See* Mot. Dismiss at 2. A plaintiff is not required to negate a defendant's possible affirmative defenses before they are raised. *See Scott v. Columbus Dept. of Pub. Utils.*, 949 N.E.2d 552 (Ohio Ct. App. 2011) (plaintiffs "need not affirmatively dispose of the immunity question altogether at the pleading stage. Requiring a plaintiff to affirmatively demonstrate an exception to immunity at this stage would be tantamount to requiring the plaintiff to overcome a motion for summary judgment at the pleading stage."); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses"); *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). In the present case, Eagle Land Holdings was not required to anticipate and then plead an exception to 17 GCA § 12107(x) before SIFA had raised the defense. It is SIFA's burden to prove the statute applies, not Eagle Land Holdings' burden to prove it does not.

Since the Complaint was not required to plead an exception to 17 GCA § 12107(x), the Court will not dismiss the Complaint for not having done so.

## 2. The Court Will Not Dismiss for Insufficient "*Archbishop*" Notice

SIFA next argues that the unlawful detainer action must be dismissed because SIFA was not given "valid notice," as described in *Archbishop v. G.F.G. Corp.*, 1997 Guam 12, before Eagle Land Holdings filed its unlawful detainer action. SIFA argues that the notice[1] it was provided was not

---

[1] The "notice" in question is a letter dated February 7, 2024, from Olivia E. Brioso, President of Eagle Land Holdings, to Dr. Anthony Jay Sunga, Chairman of the Board of Trustees and Officer-in-Charge of SIFA. V. Compl. at 4; *see id.* Ex. C.

"valid" because it demanded more than one year's worth of back rent. Mot. Dismiss at 3; *see Archbishop*, 1997 Guam 12 ¶ 12.

It true that the notice in question demanded that SIFA pay back rent dating to June 2021, *see* V. Compl., Ex. C, and it is true that under *Archbishop*, a notice is invalid if it demands more than one year's rent. action for unlawful detainer." 1997 Guam 12 ¶ 12 ("Because the notice must be served within one year of the date when the rent becomes due, it is invalid if the notice demands more than one year's rent."). However, as the Court shall explain, *Archbishop* does not apply here, because this case was brought under 21 GCA § 21103(a), not (b). *See* V. Compl. at 4 ("Defendant is using and occupying the Subject Property . . . in violation of 21 GCA § 21103(a).").

### a. This is a Subsection (a) Action

Title 21 GCA § 21103 is Guam's unlawful detainer statute. This statute, however, has several subsections, two of which are relevant here. Title 21 GCA § 21103(b) provides that a tenant is guilty of unlawful detainer:

> (b) When he continues in possession, in person or by subtenant, without the permission of his landlord, or the successor in estate of his landlord, if any there be, after default in the payment of rent, pursuant to the lease or agreement under which the property is held . . . .

21 GCA § 21103(b) (emphasis added). Title 21 GCA § 21103(a) provides that a tenant is guilty of unlawful detainer:

> When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be
> . . . .

21 GCA § 21103(a) (emphasis added). In short, subsection (b) governs the situation where a tenant has defaulted in the payment of rent *during* the lease term, while subsection (a) governs the situation where a holdover tenant remains on the property *after* the lease term.

These two subsections create separate and independent types of unlawful detainer actions. A tenant who holds over at the conclusion of the lease violates subsection (a), whether or not they violated subsection (b) during the lease. A tenant who stops paying rent during the lease term violates subsection (b), whether or not they later violate subsection (a) at the conclusion of the lease. The Court emphasizes this distinction because *Archbishop* does not: while *Archbishop* purports to describe "unlawful detainer actions," it in fact describes only subsection (b) actions.

*Archbishop* explains that "[t]o maintain a valid unlawful detainer action under Guam law, the landlord must establish that the tenant has defaulted in the payment of rent, is in possession of the property without the landlord's permission, and that the tenant has been served with a <u>valid notice</u> demanding payment or surrender of possession." 1997 Guam 12 ¶ 11 (emphasis added). A demand notice is "valid" only if it was served at least five days prior to the filing of the action, states the amount of rent which is due, and was served within one year of the date that the rent became due. *Id.* And "[b]ecause the notice must be served within one year of the date when the rent becomes due, it is invalid if the notice demands more than one year's rent." *Id.* ¶ 12. These requirements, however, plainly correspond to 21 GCA § 21103(b) actions, and only to subsection (b) actions.

*Archbishop* requires a landlord to establish that the tenant "has defaulted in the payment of rent," which is precisely what the text of 21 GCA § 21103(b) requires. Nothing in the text of 21 GCA § 21103(a), however, speaks to a default in the payment of rent. As noted above, a subsection (a) action is exclusively concerned with the eviction of holdover tenants, and a holdover tenancy has nothing to do with the payment of rent *during* their lease term.[2] The issue in a subsection (a) action

---

[2] In California, the jurisdiction on which Guam's unlawful detainer statute was modeled, the recovery of unpaid rent is not even available in this type of action. *See Hudec v. Robertson*, 258 Cal.Rptr. 868, 873 (Ct. App. 1989) ("an award of rent is only allowable if the unlawful detainer is based on the nonpayment of rent."); *Castle Park No. 5 v. Katherine*, 154 Cal.Rptr. 498, 502 (Cal. Super. App. Div. 1979) ("rents accrued and unpaid prior to the end of the tenancy may not be recovered in that unlawful detainer proceeding."); *Saberi v. Bakhtiari*, 215 Cal.Rptr. 359, 362 (Ct. App. 1985).

is solely whether the tenant remains on the property without permission *after* the lease term expires. That being so, it would be illogical for a subsection (a) action to require that the landlord prove the tenant had defaulted in the payment of rent, when the non-payment of rent is not the basis of the action nor a necessary component of such action.

Likewise, *Archbishop*'s requirements that a pre-lawsuit notice must "state the amount of rent which is due" and "be served within one year of the date when the rent becomes due" are plainly tailored to a subsection (b) action—these requirements also derive directly from the text of subsection (b) itself. Again, however, there is no similar provision to these in 21 GCA § 21103(a), nor would any be expected. The tenant's nonpayment of rent during the lease—and thus the "amount of rent due" and the "date when the rent becomes due"—are neither the basis, nor a necessary element, of a subsection (a) action.

*Archbishop*'s discussion of "valid notice" is undoubtedly precedential for cases brought under 21 GCA § 21103(b), but only to those cases. Since this case was brought under subsection (a), not (b), and since subsection (a) has no notice provisions similar to those analyzed in *Archbishop*, the notice requirements described in *Archbishop* do not apply here. Thus, although Eagle Land Holdings' demand notice sought back rent in excess of one year, this is not relevant to—and thus not a basis for dismissal—in a subsection (a) action.

### 3. The Court Will Dismiss for Improper Service of Process

Finally, SIFA argues that Eagle Land Holdings did not serve a summons on SIFA as required by 21 GCA § 21108. Mot. Dismiss at 6. In response, Eagle Land Holding asserts that SIFA's claim is factually incorrect, and that SIFA was indeed properly served on April 25, 2024. Opposition at 5; *see* Min. Entry at 4:22:21 PM (Nov. 22, 2024).

Title 21 GCA § 21109 provides that "[u]pon filing the complaint, a summons must be issued thereon." A summons in an unlawful detainer action:

> must require the defendant to appear and answer within five (5) days after the service of the summons upon him, and must notify him that if he fails to so appear and answer, the plaintiff will apply to the court for the relief demanded in the complaint. In all other respects, the summons, or any alias summons in such proceedings, must be issued, served, and returned in the same manner as summons in a civil action.

*Id.* (emphasis added). In civil actions, the service of a summons is governed by GRCP 4. More specifically, the service of a summons upon a corporation or association[3] is governed by GRCP 4(h). There are two ways in which such service can be effectuated. One is service "in the manner prescribed by Rule 4(e)(1) for serving an individual," GRAP 4(h)(1)(A), meaning service "in any manner prescribed or authorized by any law of Guam, or as prescribed by the law of the place where the person is served," GRAP 4(e)(1). The other is:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the defendant[.]

Guam R. Civ. P. 4(h). Thus, Eagle Land Holdings was required to serve a summons on SIFA "in any manner prescribed or authorized by any law of Guam," or else by delivering a copy of the summons to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" of SIFA.

On April 25, 2024, the Clerk of Court for the Superior Court of Guam issued a summons addressed to SIFA. *See* Summons (Apr. 25, 2024). There is, however, no declaration in the record

---

[3] The Court assumes, since neither party has argued to the contrary, that a charter school is akin to a corporation or association and that GRCP 4(h) would therefore be the applicable rule.

averring that the summons was served, or to whom. At the November 22, 2024 hearing, Eagle Land Holdings asserted that it has a signed copy of the summons. Neither party, however, was able to identify whose signature appears on the summons. Min. Entry at 4:26:28 PM (Nov. 22, 2024). At the hearing, Eagle Land Holdings asserted it would research the signature issue and then file an affidavit to inform the Court who the signatory was. *Id.*

The Court has provided Eagle Land Holdings additional time after the November 22, 2024 hearing to provide the aforementioned information. As of this writing, more than three months after the hearing, Eagle Land Holdings has not filed the proffered information / affidavit.

When service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp.2003)). The only evidence that supports Eagle Land Holdings' claim of proper service is a summons containing a signature that neither party can identify. That being so, the Court cannot discern whether the signatory was an officer or agent authorized to receive service on behalf of SIFA under GRCP 4(h)(1)(B). Nor can the Court find that the indiscernible signature, without more, suffices as a method of service "prescribed or authorized by any law of Guam" under GRCP 4(h)(1)(A). In short, Eagle Land Holdings has not met its burden of proof on this issue.

Clearly, SIFA had actual notice of this lawsuit, since it has appeared at several hearings since June 2024. However, "Guam has adopted a rule of strict compliance with statutory service requirements." *RSA-Tumon, LLC v. Pitt County Memorial Hospital, Inc.*, 2023 Guam 8 ¶ 32 n.3; *see Pineda v. Pineda*, 2005 Guam 10 ¶ 8. Under that posture, a "trial court lacks personal jurisdiction if service is defective." *Mariano v. Surla*, 2010 Guam 2 ¶ 13. Thus, [w]hen a party does not receive legal process, actual notice is not a cure." *Kim v. Min Sun Cha*, 2020 Guam 22 ¶ 37; *see also*

*Osrecovery, Inc. v. One Group Intern., Inc.*, 249 F.R.D. 59, 61 (S.D.N.Y. 2005) ("actual notice alone will not sustain personal jurisdiction over a defendant").

Because Eagle Land Holdings has not shown that they strictly complied with statutory service requirements, this case must be dismissed.

## CONCLUSION

SIFA is not entitled to dismissal based on statutory immunity or based on the notice of arrears it received from Eagle Land Holdings. SIFA, however, is entitled to dismissal based on Eagle Land Holdings' failure to prove proper service of process as required by statute.

The Court therefore **GRANTS** SIFA's Moton to Dismiss.

**SO ORDERED** this 14th day of March, 2025.

_____
**HONORABLE JONATHAN R. QUAN**
**Magistrate Judge, Superior Court of Guam**